IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **WILLIAM D. PERKINS,**<br><br>    **Defendant**<br><br>**and TAX ACCOUNTING OFFICE, INC.,**<br><br>    **Relief Defendant,**<br><br>v.<br><br>**COMMODITY FUTURES TRADING COMMISSION,**<br><br>    **Plaintiff.** | **ORDER ON MOTION<br>TO QUASH SUBPOENA**<br><br>Case No. 2:07-mc-00846-DB-PMW<br><br>(District of New Jersey Case No. 1:06-cv-4674-RBK-AMD)<br><br>**District Judge Dee Benson**<br><br>**Magistrate Judge Paul M. Warner** |

      This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(A). Before the court is William D. Perkins's ("Perkins") motion to quash a subpoena.[1] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to United States District Court for the District of Utah Rule of Practice 7-1(f), the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

      On October 22, 2007, the Commodity Futures Trading Commission (the "Commission") served a subpoena on the Village Bank in St. George, Utah seeking the bank records of relief

---

[1] *See* docket no. 1.

defendant Tax Accounting Office, Inc. ("TAO") in an injunctive fraud case pending in the United States District Court for the District of New Jersey entitled *CFTC v. Perkins, et al.*, No. 1:06-cv-4674-RBK-AMD. The Commission contends that it needs TAO's bank statements and supporting documentation for the period of May 1, 2005, to the present.

On October 31, 2007, Perkins filed a pro se motion to quash the subpoena, purportedly on behalf of both himself and TAO. Perkins asserts that the subpoena violates the Right to Financial Privacy Act and that the documents requested are not relevant to the Commission's case.

As an initial matter, TAO is a corporation. In the Tenth Circuit, it is well established that, in order for a corporation to appear in court, it must be represented by counsel. *See Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) ("It has been our long-standing rule that a corporation must be represented by an attorney to appear in federal court."); *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."). Further, the same principle has been recognized by the United States Supreme Court. *See, e.g.*, *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Commercial & R.R. Bank of Vicksburg v. Slocomb, Richards & Co.*, 39 U.S. 60, 65 (1840) ("[A] corporation cannot appear but by attorney . . . ."); *Osborn v. Bank of the United States*, 22 U.S. 738, 830 (1824) ("A

corporation, it is true, can appear only by attorney, while a natural person may appear for himself."). Because Perkins is not an attorney, he cannot represent TAO in this matter.

As an individual, Perkins may represent himself. However, the subpoena seeks only the bank records for TAO and not Perkins's individual records. Thus, Perkins does not have standing to move to quash the subpoena. Because the motion was void ab initio, the court will not address the merits of the motion.

Based on the foregoing, the motion to quash the subpoena served on the Village Bank is **DENIED**.

**IT IS SO ORDERED.**

DATED this 11th day of January, 2008.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge